

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| THOMAS RAND, #248851,<br>    Petitioner, | §<br>§<br>§ |
| vs. | §   CIVIL ACTION NO. 3:08-907-HFF-JRM<br>§ |
| ANTHONY J. PADULA,<br>Warden of Lee Correctional Institution,<br>    Respondent. | §<br>§<br>§ |

## ORDER

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondent's motion for summary judgment be granted and the petition dismissed without an evidentiary hearing. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 13, 2009, and the Clerk of Court entered Petitioner's objections to the Report on February 2, 2009.

Petitioner first objects to the Magistrate Judge's conclusion that his petition is barred by the one-year statute of limitations for federal habeas petitions. Petitioner fails to dispute the Magistrate Judge's calculation of the limitations period, but instead he asks the Court to toll the limitations period due to "misleading" advice he received from counsel. (Pet'r's Objections 8-9.) Specifically, he contends that he was misled by his appellate counsel who wrote a letter advising him that he had one year from the date his direct appeal was denied to file an application for post conviction relief (PCR). (Pet'r's Objections 7-9.) Petitioner attached this letter to his objections, and it clearly states that post conviction relief "should be done within one year of this decision due to a statute of limitations on pcr actions which have been *enacted in South Carolina*." (Pet'r's Objections Ex. 1 (emphasis added).) Thus, as explained in the Report, counsel's advice to Petitioner was accurate regarding the time for filing state PCR applications. Therefore, applying the test cited by Petitioner, the Court agrees with the Magistrate Judge that Petitioner has failed to demonstrate "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). In light of this, the Court finds that his petition is barred by the one-year statute of limitations codified at 28 U.S.C. § 2244(d).

Nonetheless, because the Magistrate Judge went on to consider the merits of Petitioner's claims, in the interests of thoroughness, this Court will do the same.

In his first ground for relief, Petitioner argues that the trial court erred in admitting testimony regarding a similar attack allegedly involving Petitioner. He raised this issue on appeal, and the

Court of Appeals held that the testimony was admissible under state law. In his objections, he argues that this testimony was inadmissible because the two instances were dissimilar under state law. (Pet'r's Objections 13-14.) Although the South Carolina Court of Appeals found to the contrary, Petitioner insists that the prejudicial nature of this testimony outweighed its probative value.

All of the cases cited by Petitioner in support of his contention that the testimony of the second incident was inadmissible are South Carolina cases. As the Magistrate Judge correctly pointed out, the South Carolina appellate courts have the final voice in interpreting the meaning of state law, and this Court cannot disturb those interpretations. (Report 10.) Petitioner fails to show how the decision to admit the testimony violated his federal due process rights. Thus, his objections regarding the admissibility of prior bad acts are without merit.

Next, Petitioner challenges the validity of the initial search warrant procured to search his home and obtain a DNA sample. (Pet'r's Objections 17-19.) He appears to be arguing that defects in the search warrant resulted in the failure of the state court to obtain jurisdiction over Petitioner. Again, Petitioner's challenges relate to matters of state law that have already been rejected by the South Carolina Court of Appeals. Thus, Petitioner's objections regarding the validity of the search warrant and the failure of the state court to obtain jurisdiction over him are without merit. To the extent that Petitioner is asserting a Fourth Amendment violation, the Court finds this argument to be without merit.

Next, Petitioner asserts that his trial counsel was ineffective for failing to hire an independent DNA analyst, for failing to challenge the legal sufficiency of the search warrant, and for failing to request chain of custody reports regarding the DNA analysis. (Pet'r's Objections 20-22.) Applying

*Strickland*, the state court judge in Petitioner's PCR proceeding rejected these same arguments and concluded that Petitioner failed to show that his trial and appellate counsel were deficient. (Return and Memo. PCR Appx. at 6.) When reviewing these findings, the Court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Having carefully reviewed the record in light of Petitioner's objections, the Court concludes that the state court's decision to reject Petitioner's ineffective assistance of counsel arguments was not contrary to nor involved an unreasonable application of the analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Thus, Petitioner's argument that his trial and appellate counsel were ineffective is without merit.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, finding them to be without merit, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that Respondent's motion for summary judgment is **GRANTED** and the petition **DISMISSED** without an evidentiary hearing.

**IT IS SO ORDERED**.

Signed this 4th day of February, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd  
HENRY F. FLOYD  
UNITED STATES DISTRICT JUDGE

*****
## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.